<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6490**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD DANE JEFFUS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. N. Carlton Tilley, Jr., Senior District Judge. (6:92-cr-00184-NCT-2)

Submitted: June 22, 2009                    Decided: July 1, 2009

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Edward Dane Jeffus, Appellant Pro Se. Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Dane Jeffus, a federal prisoner, seeks to appeal the district court's orders denying his motion filed pursuant to Fed. R. Civ. P. 60(b)(4) in part and dismissing it in part as a successive 28 U.S.C.A. § 2255 (West Supp. 2008) motion; denying his motion for an evidentiary hearing; and denying his motion to alter or amend judgment.

The district court's orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Jeffus has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Jeffus's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C.A. § 2255. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2006). Jeffus's claims do not satisfy either of these conditions. We therefore deny authorization to file a successive § 2255 motion.

Although we grant Jeffus's motion to supplement his informal brief, we deny his motions to supplement the record on appeal and for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3